UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 5:22-MJ-5034-MAS <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, an electronic communications service provider and/or a remote computing service located in Mountain View, California, to disclose certain records and other information pertaining to the email account described in Part II of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i). *See* 18 U.S.C. § 2711(3)(A)(ii).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation" 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

1. The United States government, including FBI Special Agent Jaime Terry, is investigating Dr. Amr Elhusseini Mohamed ("Mohamed") for violations of, inter alia, 18 U.S.C. § 1347 ("Healthcare Fraud") involving a telehealth based durable medical equipment ("DME") and genetic testing scheme, in which Mohamed was the referring provider for a high volume of Medicare beneficiaries for DME and genetic testing services with whom he had no prior doctor patient relationship. Mohamed is a nephrologist at the University of Kentucky and UK HealthCare.

2. From February 2016 through March 2020, Humana Special Investigation Unit reviewed medical claims records for Mohamed. Humana identified Mohamed as a top ordering/referring physician for DME, genetic laboratory services, diabetic supplies, pain creams and foot bath drugs for Humana members. Humana's findings indicated Mohamed ordered services for Humana members which Humana had no record of Mohamed examining, indicative

of participation in a telemedicine/telemarketing scheme. Humana sent the Kentucky Board of Medical Licensure their findings as well as an education letter to Mohamed in September 2020.

3.  Interviews conducted of several Medicare beneficiaries with DME claims from Mohamed revealed none of the Medicare beneficiaries had a doctor patient relationship with Mohamed.  Other than the DME claims, there were no billing records reflecting Mohamed had provided medical services to these Medicare beneficiaries. In fact, none of the Medicare beneficiaries interviewed knew Mohamed. Each Medicare beneficiary reported receiving an unsolicited phone call advising they were eligible for free back, knee, ankle, or wrist braces. Several Medicare beneficiaries reported they received braces after advising the caller they did not want/need any medical braces. A Medicare peer comparison of providers in Kentucky revealed Mohamed was ranked number one in the state of Kentucky for four CPT codes related to DME.

4.  In January 2021, Mohamed began billing large amounts of referrals for genetic testing of Medicare beneficiaries. As of January 2022, Mohamed caused approximately $8 million in Medicare billings to be billed by labs for genetic testing. Interviews conducted with Medicare beneficiaries who had genetic testing claims from Mohamed revealed many beneficiaries had no doctor patient relationship with Mohamed.  Several of them reported receiving unsolicited phone calls advising they qualify for free testing, and then unwanted testing kits were sent to their homes. Several Medicare beneficiaries completed the testing at the Lexington, KY Senior Center. Interviews revealed the Medicare beneficiaries did not receive results and, in some cases, received bills for the testing.

5.  A review of Mohamed's banking records, obtained pursuant to grand jury subpoenas, revealed Mohamed received payments from several telehealth and/or locum tenens businesses from 2017 through November 2021.  Several of businesses discovered included

RediDoc, Barton and Associates, Hayes Locums, My Doctors Live and Mp Network Mpn. According to his annual conflict of interest certification provided to UK HealthCare, Mohamed has not disclosed the income from any these entities, or any financial remuneration from any entity outside of UK HealthCare. Based on information and belief, doctors working with telehealth providers typically communicate via email to arrange contracts and discuss the mechanics of the telehealth operation and compensation. It is believed Mohamed communicated via email with these various companies regarding Mohamed's potential recruitment, hiring, and any contracts Mohamed may have entered with the companies.

6. According to records obtained by a grand jury subpoena served on Google LLC, Mohamed's Google email account is elhusseini.amr@gmail.com. Google LLC provided the account creation date as April 4, 2007 with account holder name listed as Amr Elhusseini with phone number (432) 770-7348. Mohamed's full name is Amr El-Husseini Mohamed and he listed his phone number as (432) 770-7348 on his employment eligibility verification with the Department of Homeland Security. An account recovery email was provided on the account as amr.mohamed2@yahoo.com. Google LLC also provided account activity from August 2020 through May 2021. In that timeframe, the account was accessed on a consistent basis, at least several times per week and sometimes multiple times in one day, during the timeframe provided.

REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the nature and scope of the subject's activities. Accordingly, the United States

requests that Google LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

8.   The United States further requests that the Order require Google LLC not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.

9.   The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY


By:    /s/ Kate K. Smith
        Kate K. Smith
        Assistant United States Attorney
        260 West Vine Street
        Lexington, KY, 40507
        Kate.Smith@usdoj.gov
        (859) 685-4855